IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KORI ANN CHARETTE,<br>    Plaintiff,<br><br>v.<br><br>PREMIER BANKCARD, LLC,<br>    Defendant. | Case No.:<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

KORI ANN CHARETTE ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against PREMIER BANKCARD, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Connecticut and as such personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is natural person residing in Prospect, Connecticut 06712.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a South Dakota business entity with an address of: 3820 North Louise Avenue, Sioux Falls, South Dakota 57107.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Plaintiff never provided permission to Defendant to call her cellular telephone number or to contact her regarding any goods or services offered by Defendant.

14. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

15. Beginning in or before June 2014, and continuing through November 2014, Defendant called Plaintiff on her cellular telephone.

16. Defendant was calling Plaintiff's cellular telephone looking for another person, a Lauren M. Kruger.

17. During the relevant period, Defendant called Plaintiff on her cellular telephone almost daily, and frequently, multiple times a day.

18. At all times mentioned herein, Defendant called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice ("automated calls").

19. Defendant's telephone calls were not made for "emergency purposes."

20. When Plaintiff answered the automated calls, Defendant used an automated or prerecorded voice advising Plaintiff to hold for the next available customer service representative.

21. Other times, Plaintiff was met with a period of silence followed by an automated click at which point the call was transferred to one of Defendant's operator.

22. The foregoing is indicative of a predictive dialer, an ATDS under the TCPA.

23. On multiple occasions, Plaintiff spoke with Defendant to advise that it was calling the wrong person and to stop calling her.

24. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

25. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

28. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

29. Defendant's calls to Plaintiff were not made for emergency purposes.

30. Defendant's calls to Plaintiff, in and after June 2014, were not made with Plaintiff's prior express consent.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KORI ANN CHARETTE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KORI ANN CHARETTE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KORI ANN CHARETTE
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: April 24, 2015